Jay D. Reynolds and Shirley M. Reynolds v. Commissioner.
Reynolds v. Commissioner
Docket No. 2092-71.
United States Tax Court
T.C. Memo 1972-84; 1972 Tax Ct. Memo LEXIS 173; 31 T.C.M. (CCH) 331; T.C.M. (RIA) 72084; April 10, 1972, Filed. Jay D. Reynolds, pro se, 10154 Rainier Ave. South, Seattle, Wash. Millard D. Iesch, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency in petitioners' income tax for taxable year 1969 of $1,620.44. The only issue to be decided is whether a portion of petitioners' income is excludable from income under section 112. [1]
Findings of Fact Some of the facts have been stipulated and are, together with the exhibits *174 attached to the stipulation, incorporated herein by this reference. Jay D. and Shirley Reynolds, at the time of filing the petition herein, resided in Seattle, Washington. They filed a joint income tax return for taxable year 1969 with the district director of internal revenue for the district of Washington in Ogden, Utah. Shirley Reynolds is a party to this action solely by virtue of having filed a joint return; consequently, Jay D. Reynolds will hereinafter be referred to as petitioner. During 1969 petitioner was employed as an airline pilot for Northwest Airlines (hereinafter referred to as Northwest). For the year 1969 petitioner received a salary of $44,857 paid entirely by Northwest. For seven months of the year part of petitioner's duties consisted of flying civilian aircraft chartered by the United States military between the United States and South Vietnam. 332 Prior to these Vietnam flights petitioner and other members of the crew were cleared for security and given military briefings. Petitioner carried an identification card classifying him as a "civilian noncombatant serving with the Armed Forces of the United States." The card also provided that in the event *175 of enemy detention he was entitled to the same treatment as a member of the Air Force with the rank of colonel. At no time during the year in question was petitioner a member of the Armed Forces nor was any compensation paid him by the United States military. Petitioner, relying on section 112, excluded from income $500 per month for seven months. In the statutory notice of deficiency respondent included these amounts in income resulting in the deficiency here in issue. Opinion The issue to be decided is whether any portion of petitioner's salary is excludable from income under the combat pay exclusion of section 112. That section provides in pertinent part: SEC. 112. CERTAIN COMBAT PAY OF MEMBERS OF THE ARMED FORCES. (a) Enlisted Personnel. - Gross income does not include compensation received for active service as a member below the grade of commissioned officer in the Armed Forces of the United States for any month during any part of which such member - (1) served in a combat zone during an induction period, or * * * (b) Commissioned Officers. - Gross income does not include so much of the compensation as does not exceed $500 received for active service as a commissioned *176 officer in the Armed Forces of the United States for any month during any part of which such officer - (1) served in a combat zone during an induction period, * * * Section 1.112-1(g), Income Tax Regs., in amplifying the statute provides: "As to who are members of the Armed Forces of the United States, see section 7701(a)(15)," which in turn says: [The] term "Armed Forces of the United States" * * * includes all regular and reserve components of the uniformed services which are subject to the jurisdiction of the Secretary of Defense, the Secretary of the Army, the Secretary of the Navy, or the Secretary of the Air Force, and * * * also includes the Coast Guard. The members of such forces include commissioned officers and personnel below the grade of commissioned officers in such forces. In addition, the statute requires an individual to be in active service to qualify for exclusion. Section 1.112-1(i), Income Tax Regs., provides: "A member of the Armed Forces is in active service if he is actually serving in the Armed Forces of the United States." We think it clear that petitioner herein was not a member of the Armed Services and obviously did not receive compensation for *177 active service as a commissioned officer or otherwise. Petitioner received his compensation from Northwest as a civilian pilot. The assigned flights into combat zones were merely a part of his civilian employment and do not constitute a military endeavor. He is not under military jurisdiction of any kind and does not serve in the Armed Forces in any capacity. That he carries an identification card and receives military briefings are insufficient to bring him within the terms of the statute. See Commissioner v. Connelly, 338 U.S. 258 (1949). [2]
There are many capacities in which civilians and quasi-military personnel perform services in combat zones. Surely Congress is aware of their existence, their peril, and the absence of favorable tax treatment. Congress has not granted them the benefit of the exclusion, and it is not the function of this Court to fill the void. Nor is the statute in question unconstitutional. The classification made by Congress permitting an exclusion only *178 for members of the Armed Services in active service is neither arbitrary nor capricious. See Brushaber v. Union Pac. R.R., 240 U.S. 1 (1916). While those who approach but fall short of coming within the privileged class feel they should have been included, such sentiments exist whenever lines of classification must be drawn and alone cannot render a statute unconstitutional. Decision will be entered for the respondent. 333 Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954.↩
2. For a recent and strikingly similar case see David D. Fagerland [Dec. 30,817(M)],T.C. Memo. 1971-134. See also Lee M. Prusia [Dec. 29,666(M)], T.C. Memo. 1969-148↩.